JAMES D. MOORE, SR., Appellant, *vs.* HENRY F. PIEPER, Respondent.

*Juries—Evidence—Witnesses.*—Juries are the proper judges of the weight of evidence and the credibility of witnesses.

*Appeal from St. Charles Circuit Court.*

*E. A. Lewis,* for Appellant.

*Wm. A. Alexander,* for Respondent.

WAGNER, Judge, delivered the opinion of the court.

Plaintiff sued defendant for breach of warranty in the sale of a reaping and mowing machine. The evidence was contradictory in regard to the terms of the sale, but the credit which should be properly given to the respective witnesses was exclusively for the jury to determine.

All the instructions asked for by the plaintiff were given, and the court of its own motion gave one instruction, which is the principal matter complained of. That instruction told the jury that to entitle the plaintiff to recover, it should appear to their satisfaction that according to the contract of sale, the defendant was to take back the machine and refund the amount advanced, if the machine failed in regard to the matters understood and agreed upon by the parties at the time of the sale, and that the machine after a fair trial failed as to such matters, or, that the defendant afterwards took back the machine and abrogated the contract of sale.

This instruction though obnoxious to some verbal criticism, when applied to the evidence is not seriously objectionable.

There was evidence, tending to prove that when the contract was made and the machine purchased, the agreement and understanding was that it was to do good work, and if it did not operate well, the defendant was to be notified and to be allowed to put it in good order, and if it did not then work, he should take it back. The notice was given and the defendant went to plaintiff's premises to comply with his undertaking, but the plaintiff who had procured another machine

refused to let him make the necessary repairs or test its capacity. The defendant also testified that he only received the machine back as the property of the plaintiff, and that what he subsequently sold of it worked well. The instruction was predicated on this evidence; the jury were the proper judges of the weight of evidence and the credibility of witnesses, and we therefore see no reason for interference. ·

Judgment affirmed. Judge Adams concurs. Judge Bliss absent.